## VICTORY PORTRAITS, INC., Plaintiff-Appellant, v. KAPLAN, Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20347. Decided October 21, 1946.

A. C. Nozik, Cleveland, Sidney Levine, for Plaintiff-Appellant.

Lawrence H. Williams, Cleveland, for Defendant-Appellee.

### OPINION

By SKEEL, P. J.

The appeal on questions of law comes to this court from a judgment for the defendant in the Municipal Court of Cleveland.

The plaintiff-appellant instituted the action against the defendant on a cognovit note. The judgment was entered by confession under the authority granted by the provisions of the note. Thereafter the defendant filed a motion to vacate said judgment on the ground that the consideration for which said note was given was illegal and void.

Upon final hearing, having previously suspended the operation of the judgment and also granted defendant the right to file an answer, the allegations of which were denied by plaintiff's reply, the court vacated the judgment theretofore rendered for plaintiff and entered final judgment for the defendant.

The note which was the subject of this action, was signed by defendant as co-maker with one Sigmond Isserow, who had prior to the execution of said note been employed by plaintiff as a salesman and collector. Isserow had embezzled Twelve Hundred Dollars of the funds collected by him for and on behalf of the plaintiff, while acting in the course of his employment. The plaintiff, through its president, Albert Nozik, had caused the arrest of Isserow on a charge of embezzlement, to which charge Isserow had plead "not guilty" had been released on bond and at the time the note was given was awaiting trial. In an effort to guarantee the repayment of the money he had unlawfully taken from plaintiff and to secure his reemployment in his old job, Isserow, who was a long time friend of the defendant, asked the defendant to become a co-maker on one of four notes for $300.00 each to be given to the plaintiff. The defendant acceded to the request and signed the note which is the subject of this litigation.

Before the defendant signed said note, he called up the president of the plaintiff, Mr. Albert Nozik, and told of Mr. Isserow's request that he become a co-maker on a note for $300.00 on which the plaintiff was to be the payee, and asked whether or not it was true that if he, the defendant, signed the note Isserow "would not have to go to jail" to which inquiry it is claimed Mr. Nozik replied, "yes." Mr. Nozik's testimony on this point was to the effect that when defendant called him, he told him Isserow had stolen twelve hundred dollars and that they had had him arrested and the case was pending, "but I think he can pay the money back easily." It is further claimed that the defendant then said, "Well, Isserow tells me that if I sign this note that you will put him back to work, you will give him his job," to which Nozik replied, "that is right, Isserow is a good man. He is a cracker-jack salesman. * * * " He further testified upon the defendant's inquiry as to how defendant could be sure that Isserow would get his job

back, that Nozik told him he would put the agreement with Isserow in writing.

The note was signed by the defendant on May 17, 1945. After the note was signed, an agreement was entered into with Sigmond Isserow dated the same day, by the terms of which the plaintiff agreed to re-employ Isserow and Isserow agreed to deliver to plaintiff four $300.00 notes, each signed by responsible parties. The agreement acknowledged the receipt of two of these notes, one of which was signed by Isserow and the defendant, and is the note here being considered. The agreement further provided the terms upon which Isserow was to work and required Isserow to furnish a surety bond to the satisfaction of plaintiff. The agreement further provided in part:

"Whereas, the said Corporation did cause an affidavit to be signed charging the said Isserow with embezzlement of certain funds from the Corporation, and,

"Whereas, it is the intention of the Corporation to have said action dismissed for want of prosecution, and

"Whereas, it is the intention of the Corporation to enter into an agreement with said Sigmond Isserow to represent said Corporation as a sales agent, and it is the further intention of said Sigmond Isserow to repay the aforesaid obligation in the total sum of Twelve Hundred Dollars ($1200.00);

"It is, therefore, agreed as follows: That the said Isserow does hereby forever waive, release and discharge any and all claims or causes of action of any nature whatsoever arising to this date against the Corporation or its officers, and especially from any claims or cause of action for malicious prosecution, arising out of the criminal action now pending in the Municipal Court of Cleveland. * * * "

The court, upon the trial of the issues, by its judgment sustained the defendant's contention that the note was void, holding that it was given to compound a felony, in violation of §12861 GC. To this holding the plaintiff-appellant duly excepted and contends in this proceeding seeking a reversal of the judgment of the trial court, that under the provisions of §12861 GC it had a clear legal right to seek the return of the money embezzled.

Sec. 12861 GC provides:

"Compounding felonies, etc: Whoever demands or receives money or other thing of value for compounding, aban-

doning or agreeing to abandon a criminal prosecution, either threatened or commenced, shall be fined not less than twenty-five dollars, nor more than three hundred dollars, or imprisoned in the county jail or workhouse not less than ten days nor more than ninety days or both. This section shall not apply to the receiving by the owner thereof or his agent, of property stolen, embezzled or fraudulently obtained, with the actual expenses of recovering it."

The purpose of this statute is to "prevent or punish the prostitution of the criminal processes of the law to purposes of private gain by groundless prosecutions." (7 **O. Jur., page 980,** last part of paragraph 1, title, "compounding crimes.")

The earlier history of the criminal law has a very direct bearing on the interpretation to be given to the foregoing statute. Under the earlier criminal law the right of the state to prosecute the defendant in a criminal proceeding superseded all rights of the victim of the criminal act to seek civil redress. Upon conviction for a felony all of the property of the criminal escheated to the state. Under these circumstances it must be evident that any attempt on the part of the victim to seek compensation for the injuries suffered because of the criminal conduct of another would be in direct conflict with the rights of the state.

These extremely harsh rules of law have been changed by constitutional and statutory provisions. **Art. I, Sec. 12** of the **Constitution of Ohio** provides against forfeiture of estates as punishment for crimes, and §12379 **GC** gives the person injured the right to recover of the criminal such damages as he has sustained because of his criminal conduct irrespective of a pending criminal prosecution or the purpose of the state to institute such prosecution. We do not mean to advance the thought that the changes above indicated have made unnecessary the statute providing against compounding a felony. To agree to abandon a criminal prosecution in consideration of the payment of money is reprehensible conduct and is punishable under the section of the General Code above quoted. But where one seeks the return of what he has lost through the criminal conduct of another, he does not thereby, without more, violate the provisions of the Act and an agreement made pursuant to such purpose is a valid and binding obligation and is not void or voidable for illegality.

The facts of the case now under consideration come clearly under the exception provided for in the last sentence of the statute, supra, wherein it is provided:

"* * *. This section shall not apply to the receiving by the owner thereof, or his agent, of property stolen, embezzled or fraudulently obtained, with the actual expenses of recovering it."

The money which this defendant agreed to pay the plaintiff was a part of the amount which had been embezzled by Isserow.

The fact that in an agreement made after the defendant's promise as a co-maker with Isserow, plaintiff's defaulting employee, to make good a part of said employee's defalcation to the plaintiff, there is a provision that

"* * * it is the intention of the Corporation to have said action (pending action for embezzlement against such defaulting employee) dismissed for want of prosecution * * *"

does not invalidate the promise thus made. The most that can be said for this paragraph of the agreement is that it expresses an "intention" of the plaintiff which in no sense could be construed to be a promise.

In this case there is no question but that the embezzlement case against Isserow was pending before a court of record. The plaintiff did not have the right or power to cause the dismissal of the case. Its dismissal could only come about upon due judicial consideration upon a request for dismissal, which must of necessity be made by the prosecutor, and no statement of intention on the part of the prosecuting witness could in any way affect the right of the state in such pending prosecution.

We conclude, therefore, that the defendant's promise as a co-maker of the note here under consideration, was given as repayment of embezzled funds and was a valid and enforceable promise and the fact that it was the hope of the parties that the prosecution would be terminateed by the state does not affect its validity.

The judgment of the trial court is therefore reversed and final judgment is entered against the defendant for the plaintiff in the amount claimed.

HURD J, MORGAN J, concur.